In re John E. SULLIVAN, Delores Sullivan d/b/a John Sullivan Construction, Deejay's Restaurant, Debtors.

Bankruptcy No. 81–12178 C.

United States Bankruptcy Court,
W.D. New York.

June 15, 1982.

Lance J. Mark, Medina, N.Y., for debtors.

JOHN W. CREAHAN, Bankruptcy Judge.

The plan filed by the above named debtors came on for a hearing on confirmation on April 22, 1982. The proposed plan separates the debtor's obligations into six classes. Some of the classifications, the proposed treatment of various classes, and the acceptance or rejection by several of the classes will be dealt with hereinafter. Classes 1 and 2 are labeled as not impaired. All other classes are impaired. It is evident from the language of section 1129 of the Code that the Court may confirm a plan only if it complies with the substantive provisions of the section. 11 U.S.C. § 1129. The section imposes an affirmative duty on the Court to ascertain that the requirements of the eleven subparagraphs of subsection (a) are met in full by the plan. *See*, *5 Collier on Bankruptcy,* ¶ 1129.02[1] (15th ed. 1979).

It is clear that the Court cannot exercise its function in a vacuum. The proponent of the plan has the burden of demonstrating that the plan complies with the mandates of section 1129. The fact that there may be no formal objection to specific shortcomings of the plan, nor any active opposition to its confirmation does not alter the Court's duty or the proponents' burden. Section 1129(a) reads in pertinent part: "(a) The court shall confirm a plan only if all of the following requirements are met: (1) The plan complies with all the applicable provisions of this chapter." As stated in *Collier, supra,* at p. 1129–9, "Subsection (a)(1) states a general rule which subsumes all of the substantive provisions of Chapter 11." It is further pointed out that the most relevant of these are sections 1122 and 1123. Section 1122 provides that a claim may be placed in a class only if it is substantially similar to the other claims of such class.

Class 2 does not meet the requirement of section 1122. It contains four separate and distinct claims. The claim of Lockport Savings Bank is secured by a mortgage on real property at 90 Erie Street. The claim of James R. Hutchinson is secured by a mortgage on realty at 291 Caledonia Street. The claim of General Motors Acceptance Corporation is secured by a 1976 Oldsmobile and that of the Manufacturers and Traders Trust by a 1975 Ford truck. These can hardly be held to be substantially similar. *See generally, 5 Collier on Bankruptcy,* ¶ 1122.03[6] (15th ed. 1979).

Class 4 is an improper classification on two counts. It contains the claim of the Niagara County Treasurer, which claim is apparently one for real property taxes on the debtor's realty and, hence, a secured claim, as well as that of the Internal Revenue Service, an unsecured priority claim. Not only does this classification fail to meet the "substantially similar" requirement of section 1122, it is contrary to the mandatory provision of section 1123(a)(1). This section prohibits classification of "claims of a kind specified in section 507(a)(1), 507(a)(2), or 507(a)(6) of this title." 11 U.S.C. 1123(a)(1). Any Internal Revenue Service claim would appear to fit within those therein described, at least in the absence of evidence to the contrary.

Passing then to subsection (a)(7) of section 1129, the Court may confirm a plan only if:

(7) With respect to each class—

(A) each holder of a claim or interest of such class—

(i) has accepted the plan; or

(ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

With respect to the mandate of this provision, the Court has no evidence that the treatment afforded the rejecting creditors of Class 6 meets the criteria of the "Chapter 7 test" set forth therein. While the aforementioned shortcomings alone require the Court to deny confirmation, the debtors' plan fails to meet yet other substantive requirements of section 1129(a).

■ Section 1129(a)(8) requires as a condition to confirmation that each class either accept the plan or not be impaired under the plan. *Collier, supra,* at p. 1129–27. Class 3 and Class 6 have not accepted the plan, and each class is impaired by its provisions. With respect to these classes, the plan's proponents requested the Court to confirm the plan pursuant to the provisions of 1129(b). The Court may do so only if the plan does not discriminate unfairly and is fair and equitable as regards each impaired class which has not accepted the plan. The record is bereft of any offer of evidence on which the Court may base such findings. 11 U.S.C. 1129(b)(2)(A), (B).

■ Class 3 contains one claim, that of Ann B. Godzisz. The claim is scheduled as undisputed and as secured by a mortgage on real property at 4010 Lake Avenue, Lockport, New York, at which location, the Court is advised, the debtors operate a tavern. The mortgage provides that the interest payable on the principal balance shall increase or decrease commensurate with the maximum rate allowed under the usury laws of the State of New York. Although originally calling for interest payments of 7.5%, on the date of the debtors' petition, the rate charged and paid was 9.5%. Subsequent to that day, the mortgagee made demand for interest payments of 15%. (Her objection to confirmation indicates that she is entitled to interest at 16%). The treatment proposed under the debtors' plan is to continue interest payments at the 9.5% rate.

Subsection (b)(2)(A) of section 1129 sets forth some non-exclusive examples of the fair and equitable requirement with respect to secured claims as follows:

(2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

(A) With respect to a class of secured claims, the plan provides—

(i)(I) that the holders of such claims retain the lien securing such claims, whether the property subject to such lien is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

(II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;

(ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the lien securing such claims, free and clear of such lien, with such lien to attach to the proceeds of such sale, and the treatment of such lien on proceeds under clause (i) or (iii) of this subparagraph; or

(iii) for the realization by such holders of the indubitable equivalent of such claims.

11 U.S.C. § 1129(b)(2). The value of the Lake Avenue property is scheduled at $40,000. The rejection filed by the mortgagee indicates that the principal balance of the obligation is $19,909.87, several thousand dollars less than the amount scheduled by the debtor. The security for the claim is twice the debt. Under the cram down provisions of section 1129(b)(2)(A)(i), the holder

of the claim must not only retain her lien, she must also receive "deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property."

As stated in *Collier, supra,* at ¶ 1129.03, p. 1129–62:

> The concept of "present value" is of paramount importance to an understanding of section 1129(b). Simply stated, "present value" is a term of art for an almost self evident proposition: a dollar in hand today is worth more than a dollar to be received a day, a month or a year hence. Part of the "present value" concept may be expressed by a corollary proposition: a dollar in hand today is worth exactly the same as (i) a dollar to be received a day, a month or a year hence plus (ii) *the rate of interest which the dollar would earn if invested at an appropriate interest rate.* (Emphasis supplied.)

Although no evidence has been presented to the Court, it is clear that $19,909 at the 9.5% rate proposed by the debtors will hardly fulfill the "fair and equitable" requirement of the section in a market where the prime rate of interest continues in excess of 16%. Mrs. Godzisz' claim is fully secured. Its "value as of the effective date of the plan" is the full amount of the claim. If she is to receive this value by virtue of deferred cash payments, she must receive an appropriate rate of interest.

Finally, Class 6, containing non-priority, unsecured claims, has rejected the plan and is impaired. The holders will not receive the equivalent of the allowed amount of their claims. Under the "absolute priority" provision of section 1129(b)(2)(B)(ii), claims or interests junior to this class may not receive or retain on account of such claim or interest, any property. It is evident that the debtors will retain an interest in the estate property. The Court has no evidence of the value of this interest, or whether it is within or exceeds any exemptions to which the debt-

ors may be entitled. Confirmation of the plan proposed by the debtors is denied.

So Ordered.