**In re Byron N. and Lois HOLTHOFF, Debtors.**

**No. PB 84–223M.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Dec. 12, 1985.

Patrick Hollingsworth, Little Rock, Ark., for debtors.

Richard L. Ramsay, Pine Bluff, Ark., for Metropolitan.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

The debtors, Byron N. and Lois Holthoff, filed a voluntary petition for relief under the provisions of Chapter 11 on August 20, 1984. A confirmation hearing was held in Pine Bluff, Arkansas, on November 27, 1985, on a plan of reorganization which was proposed by the debtors. According to the debtors' plan, all classes of impaired claims accepted the plan except class IX, the unsecured claim of Metropolitan Life Insurance Company (Metropolitan), which voted to reject.

For a Chapter 11 plan of reorganization to be confirmed, the requirements of 11 U.S.C. § 1129(a) must be met. This section has eleven prerequisites for confirmation and all must be met except 11 U.S.C. § 1129(a)(8) which provides that each class must accept the plan or be unimpaired. A plan may still be confirmed over the dissent of one or more classes of impaired claims if the plan complies with all other requirements of 11 U.S.C. § 1129(a) and the cramdown standards set forth in 11 U.S.C. § 1129(b).

In addition to the consideration of objections raised by creditors, the Court has a mandatory independent duty to determine whether the plan has met all of the requirements necessary for confirmation. *In re Coastal Equities, Inc.*, 33 B.R. 898 (Bkrtcy.S.D.Cal.1983); *In re White*, 41 B.R. 227 (Bkrtcy.M.D.Tenn.1984); *Matter of Nikron, Inc.*, 27 B.R. 773 (Bkrtcy.E.D.Mich., S.D.1983).

## I

The plan alleges that claims in classes IV, V, VI, VII, VIII, X and XII will be unimpaired because the debtors will cure any default in payments or performance with respect to claims in these classes on or before the "consummation date"[1] of the plan. The plan also provides for the payment of damages incurred as a result of any default. However, in the Court's view, the treatment in the plan renders these classes impaired, notwithstanding the contrary statement in the plan. The affected classes are as follows:

IV  claims of all secured crop lenders;

V  claims secured solely by security interest in farm equipment;

VI  claims secured by automobiles other than farm equipment;

VII  claims secured by senior mortgages on real estate other than the claim of FmHA;

VIII  unsecured trade creditors;

X  claims secured by junior mortgages on real estate other than the claim of FmHA; and

XII  the secured claim of FmHA against the debtors, other than secured claims arising from crop production loan.

11 U.S.C. § 1124(1) and (2) provides the criteria for determining whether a claim is impaired or not. The section provides as follows:

Except as provided in section 1123(a)(4) of this title, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan—

(1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest;

(2) notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default—

---

1. The plan defines consummation date as the "date on which payments under the Plan shall commence as set by order of the Bankruptcy Court, at or after confirmation of the Plan and such other obligations and duties required by the Plan are undertaken."

(A) cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 365(b)(2) of this title;

(B) reinstates the maturity of such claim or interest as such maturity existed before such default;

(C) compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

(D) does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest;

■ The determination of these claims being impaired or unimpaired is significant. If found to be unimpaired, creditors are deemed to have accepted the plan regardless of their nonacceptance.

■ Section 1124 requires that the plan propose to cure the arrearage on or before the effective date of the plan and not otherwise alter the legal rights of the creditor in order that classes of claims be deemed unimpaired. *In re Jones,* 32 B.R. 951 (Bkrtcy.D.Utah 1983); *In re Otero Mills, Inc.,* 31 B.R. 185 (Bkrtcy.D.N.M. 1983); *In re Rolling Green Country Club,* 26 B.R. 729 (Bkrtcy.D.Minn.1982); 5 *Collier on Bankruptcy* ¶ 1124.03 (15th ed. 1981). From the plan it is impossible to determine when creditors in any class are to be paid. The plan provides that the alleged arrearages are to be cured "prior to the consummation date."

The Bankruptcy Code does not define "consummation date" except "substantial consummation" is defined by 11 U.S.C. § 1101(2)(A), (B) and (C) as follows:

(2) "substantial consummation" means—

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all

or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

The plan does not state the date when payments are to be made except that the date is some time subsequent to the confirmation date. Unless this plan states when payments are to be made and in what amounts it is impossible to state that classes IV, V, VI, VII, VIII, X and XII are, in fact, unimpaired. The plan does not meet the requirements of 11 U.S.C. § 1124.

## II

The claims in classes IV, V, VI, VII and X are misclassified in violation of 11 U.S.C. § 1122(a). This section provides as follows:

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

■ Secured creditors with liens in different property or liens in the same property but with different priorities may not be classified together since their legal rights are not substantially similar. *In re Commercial Western Finance Corp.,* 761 F.2d 1329 (9th Cir.1985); *In re Sullivan,* 26 B.R. 677 (Bkrtcy.W.D.N.Y.1982); 5 *Collier on Bankruptcy* ¶ 1122.03 (15th ed. 1981). Here, these classes are defined so that more than one secured creditor with liens on the same property, but with different priorities are in the same class. Also, more than one secured creditor with liens on different property are placed in the same class.

## III

Class IX consists of the unsecured claim of Metropolitan for $1,200,000, plus interest. The debtors dispute this claim and litigation is presently pending over the dispute. The plan proposes to pay the allowed amount of the claim by making payments totalling 5.3073% of the principal

debt, plus interest on that sum at the rate of 10% per annum. The payments commence on the "consummation date," or within six months thereof. The plan proposes annual principal payments of $7,908.80 for nine years for a total principal payment of $71,179.20 and the balance of Metropolitan's claim is to be discharged as to these debtors. Payment is to be made on the discharged balance by other members of the Holthoff family who are jointly and severally liable to Metropolitan and who are also involved in pending Chapter 11 bankruptcy proceedings in this Court.

Under 11 U.S.C. § 1129(b)(2)(B)(i) and (ii), the plan as to a dissenting class of unsecured creditors may still be confirmed if:

(i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

(ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property.

■ Since the plan proposes to pay only 5.3073% of the principal amount of Metropolitan's allowed claim, the plan does not comply with the absolute priority provisions of 11 U.S.C. § 1129(b)(2)(B)(ii). For the Court to determine that a plan may be confirmed over the rejection of a class of unsecured creditors, the plan as to the rejecting class must propose to pay claims in that class in full. Alternatively, if the plan does not propose to pay the unsecured class in full, it may still be confirmed if no junior class receives any property under the plan. *In re Jartran, Inc.*, 44 B.R. 331 (Bkrtcy.Ill.1984); Klee, "All you Ever Wanted to Know About Cramdown," 53 *American Bankruptcy Law Journal* 133, 156 (1979). This concept is commonly referred to as the absolute priority rule. *In re Sullivan*, 26 B.R. 677, 680 (Bkrtcy.W.D. N.Y.1982).

## IV

■ A Chapter 11 plan of reorganization must contain a class of interest. 11 U.S.C. § 1123(a)(1) provides that a plan shall designate classes of claims and classes of interest. 11 U.S.C. § 1123(a)(3) provides that a plan shall specify the treatment of any class of interest. In the case of a corporate debtor, the owners of the shares of stock in the debtor would constitute the class of interest holders and in the case of an individual, the individual debtors constitute the class of interest holders. *See* 5 *Collier on Bankruptcy* ¶ 1123.01 (15th ed. 1981); *See also Mastercraft Record Plating, Inc.*, 32 B.R. 106 (Bkrtcy. S.D.N.Y.1983), *rev'd on other grounds*, 39 B.R. 654 (E.D.N.Y.1984).

■ To properly consider the absolute priority rule is impossible because the plan contains no class of interest of the debtors and does not provide any treatment of the claim of interest which is the next junior class to the class of unsecured creditors. 11 U.S.C. § 726(a)(6). The debtors testified that their intent was to receive income and maintain ownership of all of the property of the estate upon confirmation. Therefore, even if the debtors' plan had included a class of interest and provided for the treatment contemplated by the debtors, the debtors retention of property under the plan would not comply with the absolute priority rule as contained 11 U.S.C. § 1129(b)(2)(B)(i) and (ii).

## V

■ Finally, the plan must meet the feasibility requirements of 11 U.S.C. § 1129(a)(11). The evidence falls far short of that goal. The debtors have accumulated a huge debt far beyond their ability to pay even assuming fortuitous weather and a substantial increase in commodity prices in the future. Fifteen months have elapsed since the petition was filed and the debtors have been unable to formulate a feasible and confirmable plan. There was testimony that no payments have been made on Metropolitan's debt in over three years.

Since the debtors' plan fails to meet necessary requirements for confirmation, the confirmation is denied.

 Except upon a request by the debtors, this case may not be converted to Chapter 7 since the debtors are farmers. 11 U.S.C. § 1112(c). Therefore, the debtors shall file any request to convert to Chapter 7 within thirty days from the entry of this Memorandum Opinion and the Judgment of this same date or this case will be dismissed.

IT IS SO ORDERED.