In re Arvel H. GLINZ and Marjorie Glinz, Debtors.

Civ. No. A3–86–69.

United States District Court, D. North Dakota, Southeastern Division.

Oct. 23, 1986.

See also, Bkrtcy., 36 B.R. 17.

Max Rosenberg, Bismarck, N.D., Daniel L. Wentz, Fargo, N.D., for Arvel Glinz and Marjorie Glinz Debtors Official Committee of Unsecured Creditors.

David Butler, Minneapolis, Minn., for Travelers Ins. Co.

## MEMORANDUM AND ORDER

BENSON, Senior District Judge.

The unsecured creditors committee has appealed several orders of the bankruptcy court entered in this chapter 11 case. The orders relate to a court-approved settlement entered into between the debtors and Travelers Insurance Company (Travelers), and the debtors' sale of unencumbered land from the bankruptcy estate to raise money to make an adequate protection payment to Travelers.

### Background

Arvel and Marjorie Glinz, the debtors in this case, are farmers. They filed a chapter 11 bankruptcy petition on March 18, 1983, and continued to operate their farming operation as debtors in possession. At the time the debtors filed their petition, they were in default on four notes to Travelers. These notes were secured by land owned by the debtors and used in their farming operation. Two of the notes were secured by land in Pembina County, North Dakota. The remaining two notes were secured by land in Stutsman County, North Dakota.

On January 9, 1985, Travelers filed a motion for relief from stay. As the basis for its motion, Travelers alleged the debtors had failed to make an offer of adequate protection for use of the mortgaged land during the 1985 crop year. A hearing was held on this motion in the bankruptcy court on January 29, 1985. At the hearing, Travelers and the debtors reached a settlement. The agreement was read into the record, but the bankruptcy judge neither approved nor disapproved of it. The attorney representing the unsecured creditors committee objected to the settlement.

Under the terms of the agreement, the debtors agreed to convey the land in Pembina County to Travelers. In return, Travelers agreed to waive any right to a deficiency judgment against the debtors. Travelers also agreed to lease the land back to the debtors in 1985 and 1986 for $64,050 a year. The debtors agreed to pay the rent for 1985 by December 1, 1985, and the rent for 1986 by December 1, 1986. With respect to the land in Stutsman County, the debtors agreed to pay $132,918.60 to Travelers by December 1, 1985, as adequate protection. Pursuant to the agreement, if the debtors failed to make the 1985 rent payment or the adequate protection payment by December 1, 1985, or failed to have a plan of reorganization approved by

that date, the court could enter an order lifting the stay with respect to the land in Stutsman County.

The attorney representing Travelers prepared a proposed order containing the terms of the agreement for the bankruptcy judge to sign, but the order was never presented to the judge. On June 24, 1985, one of the attorneys for the debtors informed the attorney for Travelers that the debtors could not convey the land in Pembina County free and clear of all liens because there were judgment liens attached to the property. Travelers and the debtors then modified the agreement to allow Travelers to ask the bankruptcy court for an order lifting the stay so that Travelers could foreclose on the land.

On June 26, 1985, Travelers filed a motion requesting the court to lift the stay so that it could foreclose on the land in Pembina County. As the basis for the motion, Travelers asserted the debtors had agreed to allow Travelers to seek a lifting of the stay in order to allow Travelers to foreclose on the land because the debtors could not convey free and clear title to the land. No action was taken on this motion.

The debtors failed to make the 1985 rent payment and the adequate protection payment by December 1, 1985, and also failed to have a plan of reorganization approved by that date. On December 17, 1985, Travelers filed another motion to lift the stay. A hearing on this motion was held in the bankruptcy court on February 5, 1986.

Before the February 5, 1986, hearing began, debtors and Travelers executed a written settlement agreement which contained the terms of the settlement reached at the January 2, 1985, hearing. The agreement contained the modification allowing Travelers to seek an order lifting the stay so that it could foreclose on the land in Pembina County. The attorney representing Travelers presented the agreement to the bankruptcy judge at the hearing. After a discussion concerning the terms and effect of the agreement, the bankruptcy judge approved the agreement over the objection of the attorney representing the unsecured creditors committee.

At this point in time, under the terms of the agreement, the stay was lifted with respect to the land in Pembina County in order to allow Travelers to foreclose on the land. The debtors had not made the 1985 rent payment or the adequate protection payment by December 1, 1985. They also did not have a plan for reorganization approved by December 1, 1985. Thus, the debtors were in breach of the agreement at the time the bankruptcy court approved it. Under the terms of the agreement, Travelers was therefore entitled to have the stay lifted with respect to the land located in Stutsman County.

After approving the settlement, the court proceeded on the December 12, 1985 motion to lift the stay. Travelers argued it was entitled to have the stay lifted with respect to the property in Stutsman County because the debtors had failed to make the 1985 rent payment or the adequate protection payment by December 1, 1985. At the hearing, Mr. Glinz testified he could make the payments by selling unencumbered land that he owned. The bankruptcy judge authorized the debtors to sell this land and granted them 15 days from the date of the hearing to make the payments. The bankruptcy judge also extended the time for the debtors to have a plan approved to June 1, 1986.

The debtors sold the unencumbered property and raised enough money to pay the amount owed to Travelers within the 15 day period.

### Discussion

### I. NOTICE

The unsecured creditors committee argues it had inadequate notice under the Bankruptcy Rules of the proposed sale of the unencumbered land and of the hearing on the settlement approved by the bankruptcy judge on February 5, 1986. Rule 2002 of the Bankruptcy Rules requires that all creditors receive 20 days notice by mail of a proposed sale of property other than in the ordinary course of business and of the

hearing on approval of a settlement. Bkrtcy.R. 2002(a)(2)-(3). With respect to the proposed sale of property, the notice must include a description of the property, the time and place of any public sale, and the terms and conditions of any private sale. Bkrtcy.R. 2002(b). Additionally, for cause shown, the court may shorten the time for notice or direct another method for giving notice. Bkrtcy.R. 2002(a)(2). With respect to a hearing on approval of a settlement, the court for cause shown may direct that notice not be sent. Bkrtcy.R. 2002(a)(3).

In the present case, the sale of the unencumbered land was outside the ordinary course of business and the unsecured creditors committee did not receive 20 days notice by mail of the proposed sale. The unsecured creditors committee also did not receive 20 days notice by mail of the hearing on the settlement. Furthermore, there was no showing of cause for deviating from the formal notice requirements with respect to the proposed sale of land or the hearing on the settlement. The unsecured creditors committee is not, however, entitled to relief.

A bankruptcy procedural rule requiring notice is adequately complied with if a party not receiving formal notice receives actual notice and has an adequate opportunity to raise his objections. *In re Toth*, 61 B.R. 160, 165–166 (Bkrtcy.N.D.Ill.1986) (creditor who received actual notice of debtor's amended plan in time to object to its confirmation was not entitled to relief for violation of rule requiring 20 days notice by mail). The attorney representing the unsecured creditors committee was present at the February 5, 1986, hearing and therefore had actual notice of the proposed sale and the settlement. Furthermore, the attorney representing the committee had an adequate opportunity to object to the proposed sale and the settlement at the hearing. There is no showing that the attorney could have made any arguments with 20 days notice by mail that he could not have made with the actual notice he received at the hearing.

## II. OTHER CONTENTIONS

The unsecured creditors committee contends it was denied due process because the bankruptcy judge failed to exercise his independent judgment in approving the settlement. This argument is without merit. The terms of the settlement were discussed in open court before the bankruptcy judge approved the settlement. Also, the attorneys representing the various parties argued their positions with respect to the stipulation before it was approved.

Finally, the unsecured creditors committee asserts the bankruptcy court should have converted the chapter 11 reorganization proceedings to chapter 7 liquidation proceedings, rather than to allow Travelers adequate protection. This argument is also without merit. Section 1112(c) of title 11 of the United States Code provides: "The court may not convert a case under this chapter [chapter 11] to a case under chapter 7 of this title if the debtor is a farmer ... unless the debtor requests such conversion." 11 U.S.C. § 1112(c). The debtors in the present case are farmers and did not request a conversion to chapter 7. Therefore, the bankruptcy court was without authority to order a conversion. *See In re Holthoff,* 58 B.R. 216, 221 (Bkrtcy.E.D.Ark.1985). *See also In re Gusam Restaurant Corp.,* 737 F.2d 274, 277 (2nd Cir.1984) (court can not order conversion on its own motion under 11 U.S.C. § 1112(b)).

IT IS ORDERED the bankruptcy court's orders dated February 5, 1986; February 11, 1986; February 26, 1986; and March 6, 1986 are affirmed.