70 B.R. 712 (1987)
In re Ronald E. CURTIS d/b/a Curtis Communications, Debtor.
Bankruptcy No. LR 84-1187M.
United States Bankruptcy Court, E.D. Arkansas, W.D.
January 13, 1987.
John Jewell, Donald H. Henry, Little Rock, Ark., for Carla Curtis.
R.J. Brown, Little Rock, Ark., for debtor.
*713 Basil V. Hicks, Jr., N. Little Rock, Ark., Trustee.

MEMORANDUM OPINION
JAMES G. MIXON, Bankruptcy Judge.
On September 11, 1984, Ronald E. Curtis d/b/a Curtis Communications filed a voluntary petition for relief under the provisions of chapter 11. Hon. Charles W. Baker was employed as counsel for the estate but withdrew because he discovered the existence of the appearance of a conflict of interest. On October 19, 1984, Hon. Robert J. Brown was authorized by this Court to represent the estate.
Mr. Brown has now applied for approval of a final award of compensation pursuant to 11 U.S.C. § 330. This Court was asked to review Mr. Brown's total fee request including the awards of interim compensation which have already been authorized. The total amount of fees requested is apparently for the sum of $143,427.64 which includes a $90,000.00 performance bonus.
This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The following constitutes the Court's findings of fact and conclusions of law as required by Bankruptcy Rule of Procedure 7052.
The burden of proof as to the reasonableness of requested compensation is that of the applicant. In re Crutcher Transfer Line, Inc., 20 B.R. 705 (Bkrtcy. W.D.Ky.1982). In re Werth, 32 B.R. 442 (Bkrtcy.D.Colo.1983); Matter of Liberal Market, Inc., 24 B.R. 653 (Bkrtcy.Ohio 1982). In addition to any objection voiced by a party in interest, the court has an independent duty to investigate the reasonableness of compensation. Bankruptcy Rule of Procedure 2016(a); In re Thomas, Inc., 43 B.R. 510 (Bkrtcy.D.Mass.1984); In re Bolton, 43 B.R. 598 (Bkrtcy.E.D.N.Y. 1984).
Compensation in bankruptcy cases is governed by 11 U.S.C. § 330 which provides generally that after notice and a hearing, the court may award to an attorney employed under 11 U.S.C. § 1103 reasonable compensation for actual and necessary services rendered by the attorney based upon the time, the nature, the extent and the value of the services and the cost of comparable services in cases other than bankruptcy.
Many courts, including this Court, have adopted the enumerated factors in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714 (5th Cir.1974) for considering fee applications. The elements are:
1. Novelty and difficulty of the question;
2. The skill required to perform the legal service properly;
3. The experience, reputation and ability of the attorneys;
4. Customary fee;
5. Whether the fee is fixed or contingent;
6. The preclusion of other employment by the attorney due to acceptance of the case;
7. The amount involved and the results obtained;
8. Time limitations imposed by the client or circumstances;
9. The undesirability of the case;
10. The nature and length of the professional relationship with the client;
11. Awards in similar cases; and
12. Time and labor required.
In re Werth, 32 B.R. at 442; In re Global International Airways Corp., 38 B.R. 440 (Bkrtcy.W.D.Mo.1984); In re Garnas, 40 B.R. 140 (Bkrtcy.D.N.D.1984); See also Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); Cleverly v. Western Electric Co., 594 F.2d 638 (8th Cir.1979).
Six requests for interim compensation have been filed in this case by Mr. Brown and his firm. Orders were entered in regard to each application except for the fee application filed August 9, 1985, which was withdrawn. These orders were prepared *714 by Mr. Brown, except for an order entered January 9, 1986, which was prepared by this Court based on an inaccurate application filed by Mr. Brown on November 18, 1985. The billing statements and the orders are as follows:

 Date of Date of Period Covered Amount Amount
 Statement Application by Application Requested Ordered
 10/31/84 11/08/84 09/25/84-10/31/84 $ 2,520.00 $ 2,520.00
 02/28/85 03/14/85 11/01/84-02/28/85 7,623.96 7,623.96
 07/31/85 08/09/85 03/01/85-07/31/85 69,124.16 Withdrawn
 07/31/85 08/14/85 03/01/85-07/31/85 55,494.16 22,494.16
 11/13/85 11/18/85 03/01/85-11/13/85 124,027.18 36,123.14
 02/19/86 02/19/85 10/31/85-02/19/86 6,272.22 5,160.54
 __________ __________
 TOTAL ORDERED PAID $73,921.80

The various billing statements for compensation are inaccurate because they misstate amounts of previous awards of interim compensation approved by the Court and because the totals requested on some applications do not correspond with the attached itemizations of services. Some charges are duplicated from prior applications. Mr. Brown's testimony in a previous interim fee request hearing was also incorrect regarding compensation previously received.
The statement dated July 31, 1985, and thirteen days of the statement dated February 19, 1986, are duplicated by the statement dated November 13, 1985. The statement dated February 19, 1986, requests a total expense charge for that billing period of $1,111.68 although the expense itemization actually totals $81.34.
On November 18, 1985, Mr. Brown filed an "Application for Attorneys' Fees" for the November 13, 1985, billing statement in which he requested a total fee of $124,027.18. This request included a request for a performance bonus of $90,000.00 plus expenses of $1,063.18. The November 18, 1985, application recited that Mr. Brown had previously obtained approval for fees totaling $35,638.12, and orders had been obtained authorizing the payment of $32,638.12. A hearing was conducted on Mr. Brown's request on December 20, 1985. At the time of the hearing the debtor was deceased. The debtor's daughter, Carla Curtis, filed an objection to the application. The Court, after considering the application, denied the request for a performance bonus of $90,000.00. The fee of $34,989.02 plus expenses of $1,134.12 was awarded on the premise that it was the final compensation in the case.
On February 19, 1986, Mr. Brown filed another fee application in which he sought an award of an additional $6,272.22. An order was entered on March 21, 1986, approving the entire request of February 19, 1986. There were no objections filed to this request. Mr. Brown inexplicably filed a notice of appeal from this order, and the case was docketed in the district court. For reasons not relevant to this opinion, the parties agreed that the district court should remand the matter to this Court to hear an objection to the February 19, 1986, application by Carla Curtis. At the hearing on the February 19, 1986, application, Mr. Brown requested that since this was his final fee request, this Court should consider the appropriateness of all of the interim fee requests, including the request for a performance bonus.
Carla Curtis objected to any fee and expense award in excess of the $36,123.14 which this Court awarded after the December 20, 1985, hearing and which was represented by Mr. Brown to be a final request of itemized charges. She also strenuously objected to the request for a performance bonus.
A review of the fee application in light of the history of this case, the fee standards *715 of Johnson, and the admonition of the Supreme Court regarding the award of performance bonuses is necessary. See Pennsylvania v. Delaware Valley Citizens' Council, ___ U.S. ___, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).

HISTORY OF CASE
The debtor's bankruptcy schedules listed assets of $3,500,000.00 and liabilities of $1,294,273.57. The debtor's most valuable asset was a radio broadcasting business known as KLAZ am/fm radio. After the case was filed, Mr. Curtis, owner of KLAZ, suffered a disabling stroke and subsequently died. Mr. Curtis owned substantial life insurance policies which were pledged to the Union National Bank. The amount of these policies exceeded $1,000,000.00 and the proceeds of the life insurance which came into existence during the administration of the estate were used to satisfy Union National Bank's claim.
During the time of Mr. Curtis' illness, Mr. Brown and members of the Curtis family made decisions which kept the business operating while trying to effect a sale of the business. During a period after Mr. Curtis' death, Mr. Brown was representing the estate as attorney without a client because there was no debtor-in-possession or trustee. A trustee was appointed on the Court's own motion so that someone might be authorized to be the representative of the bankrupt estate which survived Mr. Curtis' death.
On December 20, 1985, an order was entered approving the sale of the radio station. As a result of the sale, the trustee received $1,476,631.80 in cash according to the confirmed plan of reorganization. The plan indicates the existence of claims totaling $1,026,354.24, including Mr. Brown's disputed claim of $90,000.00. The liquidating plan of reorganization proposes to pay all allowed claims in full and to distribute the surplus to Carla Curtis.
Other counsel have been compensated from the estate. The debtor's initial attorney, Mr. Charles W. Baker, was paid the sum of $7,400.00 fees and $443.03 expenses, and the law firm of Kateen & Naftalin was paid $6,869.38 for services performed during the administration of the estate. The trustee was also awarded interim fees totaling $9,533.04 to date.

THE JOHNSON FACTORS
The case did not involve any novel or difficult questions of law. There was no substantial litigation. The file reflects that only two motions for relief from the automatic stay were filed; both were settled without a hearing.
The case did require special skill in completing the sale of the radio station, but substantial expertise for this task was provided by special counsel. Mr. Brown and his firm were not the draftsmen of the contract of sale of the radio station and did not procure the purchaser. Mr. Brown and his firm did not prepare the bankruptcy petition and schedules and did not prepare the plan of reorganization which was confirmed. Mr. Brown's firm spent a considerable amount of time in negotiating and conferring with one another and did prepare a proposed plan and disclosure statement which was never submitted for a vote.
Mr. Brown and the members of his firm are experienced bankruptcy practitioners. Mr. Brown and Mr. Kubicek account for most of the time spent on the case for which compensation is now requested. The hourly rate charges of $120.00 per hour for Mr. Brown and $80.00 for Mr. Kubicek are within the customary range of fees charged in this area for similar legal services. Mr. Brown's rate of $120.00 per hour is one of the highest hourly rates which is routinely approved by this Court.
There was nothing about the case that would cause a preclusion of other employment. The value of the property involved was substantial. It was represented primarily by one unit of property, a radio broadcasting business, and after Mr. Curtis died, life insurance proceeds. The number of creditors was substantial. There was significant creditor pressure from Union *716 National Bank early in the case. When Mr. Curtis died and the life insurance proceeds were used to satisfy its claim, the pressure dissipated. The result obtained will be the payment of all creditors in full and a substantial surplus distributed to the debtor's daughter. The result was directly related to the success or failure to sell the radio broadcasting business. There was some time limitation imposed on counsel in closing the broadcasting business. There was no evidence that this case was an undesirable case for the bankruptcy practitioner. There was no evidence of any representation of the debtor by Mr. Brown prior to the bankruptcy filing. Awards by this Court in cases requiring similar amounts of time and labor are generally much lower than the total fee request here.
Counsel for a debtor-in-possession has a responsibility to keep costs to the estate at a minimum. In re Werth, 32 B.R. at 442; Arlan's Dept. Stores, Inc., 462 F.Supp. 1255 (S.D.N.Y.1978), aff'd, 615 F.2d 925 (2nd Cir.1979); In re Lafayette Radio Electronics Corp., 16 B.R. 360 (Bkrtcy.E.D.N.Y.1982). In this case there are certain charges which are clearly non-compensable. Those itemized charges which are duplications will be disallowed. On occasion the itemization is not specific enough to properly identify the services rendered and these charges will be disallowed. In re Werth, 32 B.R. at 442. Another deficiency in the itemizations is the grouping of several services performed into one billing entry. Counsel should not group all tasks performed in one day into a single billing. Each type of service should be listed with the corresponding specific time allotment so that the reasonableness of the service and value of the service to the estate may be determined. In re Bishop, 32 B.R. 302 (Bkrtcy.D.R.I.1983). The itemization includes services regarding counsel's fee applications. Time charged for letters, conferences, agreements, and phone calls regarding fee applications is not compensable. In re Holthoff, 58 B.R. 216, 14 C.B.C.2d 620 (Bkrtcy.E.D.Ark. 1985). The entry on July 12, 1985, is for an unreasonable amount of time reviewing the Court's calendar.
The following charges are disallowed for the reasons in parenthesis:

 STATEMENT DATED OCTOBER 31, 1984
10/17/84 Conference with Rhonda Curtis & others at KLAZ
 Preparation of pleading. File it. RB 2.50
 (Time spent on attorney fees)
 (Grouping of Time Entries)
 STATEMENT DATED FEBRUARY 28, 1985
11/06/84 Preparation of pleading(s) RB 0.90
 (Not sufficiently specific)
12/07/84 Preparation for hearing
 Attend hearing
 RE: fees RB 1.00
 (Time spent on attorney fees)
02/07/84 Preparation for hearing
 Attend hearing
 RE: fees RB 1.00
 (Time spent on attorney fees)
02/07/85 Review of RJB's memo
 Review of file
 RE: response to letter ANG 2.50
 (Not sufficiently specific)

*717 STATEMENT DATED JULY 31, 1985
The statement dated July 31, 1985, will be disallowed in its entirety because the statement is entirely duplicated by other statements.

 STATEMENT DATED NOVEMBER 13, 1985
03/27/85 Phone conf with C. Baker
 RE: Fees RB 0.30
 (Time spent on attorney fees)
04/17/85 Memorandum to RJB
 Phone conf with W. Moss JK 2.50
 (Not sufficiently specific)
04/19/85 Cont.: Preparation of letter
 of judge with precedent, letter
 to attorney Work on other
 matters RB 3.10
 (Not sufficiently specific)
04/19/85 Court appearance at hearing
 RE: fees approved RB 0.80
 (Time spent on attorney fees)
05/21/85 Memo to file JK 2.50
 (Not sufficiently specific)
06/12/85 Cont.: conference with RJB JK 2.50
 (Not sufficiently specific)
07/12/85 Cont.: Review court notice of
 hearing calendaring JK 1.90
 (Unreasonable amount of
 time to review notice of trial
 setting)
09/18/85 Cont.: memo to JD JK 1.50
 (Not sufficiently specific)
10/16/85 Cont.; with RJB; to Tom
 Manford JK 3.10
 (Not sufficiently specific)
10/31/85 Conference with JD; Phone
 confs. with T. Wetzel; C.
 Curtis, D. Jack; C. Noftalin;
 T. Gammon, R. Curtis; RJB JK 2.30
 (Duplication of itemization)
10/31/85 Conf. with Curtis Family &
 T. Wetzel; signing of Asset
 Purchase Agreement; final JK 2.00
 (Duplication of itemization)
11/01/85 Brief conference with RJB
 re: Goodkind telephone conference JK 0.30
 (Duplication of itemization)
11/01/85 Phone conf with Art Goodkind
 Phone conf with Carla Re:
 OK FCC filing RB 0.70
 (Duplication of itemization)
11/04/85 Memo to file re: A Goodkind's
 message JK 0.30
 (Duplication of itemization)
11/11/85 Conf. with Don Jack; Phone
 conference with Don Henry
 re: RJB to prep. notices; motions,
 etc. RB 0.50
 (Duplication of itemization)
 STATEMENT DATED FEBRUARY 19, 1986
11/13/85 Prep of fee application, motion
 & notice RB 2.00
 (Time spent on attorney fees)
11/13/85 Receipt & Review of Tucker
 Oil
 Pleadings referred to RJB JK 0.30
 (Error in posting, not this
 case)
11/13/85 Work in file RB 1.00
 (Not sufficiently specific)
11/19/85 Cont'd: P. McDonald #84-1187M JK 0.80
 (Not sufficiently specific)
11/21/85 Cont'd: Phone conf w/ Don
 Henry RB 1.50
 (Not sufficiently specific)
11/22/85 Phone conf with C. Naftalin
 (2)
 RE: Fee application  Memo JK 0.30
 (Time spent on attorney fees)
11/26/85 Conference with D. Henry
 RE: compromise on fees  at
 El Dorado RB 0.30
 (Time spent on attorney fees)
12/02/85 Phone conf. with D. Jack
 RE: agree to money on fees RB 0.30
 (Time spent on attorney fees)
12/02/85 Phone conf with H. Ehrenberg
 RE: Ins. proceeds; Phone
 conf w/ D. Jack RE: fees
 Phone conf w/ D. Henry RE:
 fees RB 0.60
 (Time spent on attorney fees)
12/16/85 Cont'd: Phone conf w/ B.
 Hicks JK 4.40
 (Not sufficiently specific)
12/18/85 Phone conference D. Henry;
 Conf w/ CJK; Conf. w/
 David Smith RE: preparation
 for Friday's hearings RB 1.80
 (Time spent on attorney fee;
 grouping of time entries)
12/18/85 Continued prep for 12/20/85
 hearing; Dictation and review
 of all orders; Conf. w/
 RJB and David Smith JK 2.00
 (Time spent on attorney fee;
 grouping of time entries)
12/18/85 Cont'd RJB phone conf. w/
 T. Wetzel; conf. w/ RJB; Review
 of all orders JK 2.00
 (Time spent on attorney fee;
 grouping of time entries)
12/19/85 Final prep. and conf. RE: 1220-85
 hearing; phone conference
 w/ J. Jewell and Goodkind,
 T. Wetzel, etc. JK 3.20
 (Time spent on attorney fee;
 grouping of time entries)
12/20/85 Attend hearing on 10 motions;
 Testify at fee hearing RB 3.50
 (Time spent on attorney fee;
 grouping of time entries)
12/20/85 Pre-hearing conf. w/ RJB
 and David Smith JK 5.00
 (Time spent on attorney fee;
 grouping of time entries)
12/27/85 Brief conf w/ RJB RE: fee
 approval JK 0.30
 (Time spent on attorney fees)
*718
01/06/86 Dictation of letter to Hicks,
 Wetzel & Jack RE: fee deadlines JK 0.30
 (Time spent on attorney fees)
02/19/86 Wrapping up file  Dictation
 of Fee App.; Review of prepared
 Fee App.; Filing of
 same JK 4.00
 (Time spent on attorney fees)

$90,000.00 PERFORMANCE BONUS
In addition to the fees to be awarded based on counsel's hourly rate, the application seeks a performance bonus of $90,000.00.
Carla Curtis testified that Mr. Brown agreed to represent her father on the basis of $120.00 per hour for his services and $80.00 per hour for associates in the firm and that at those rates she expected competent professional services. Mr. Brown does not dispute this agreement to represent Mr. Curtis at those hourly charges. Mr. Brown asserts that he advised the Curtises that fees were subject to the Court's approval and could be reduced or increased.
On August 9, 1985, Mr. Brown filed an application which included a request for an additional $33,000.00 as a performance bonus. Mr. Brown recalled that the request for the performance bonus "upset Mr. Curtis" and that Mr. Brown withdrew the application at Mr. Curtis' request. After Mr. Curtis died leaving over $1,000,000.00 in life insurance proceeds, and after the radio broadcasting business was sold, it became obvious that a substantial surplus would exist. Mr. Brown filed a new request for a performance bonus which was almost three times as great as the first performance bonus request. Mr. Brown did not even discuss with the surviving members of the Curtis family his intention to request an additional $90,000.00 before he filed his application. Mr. Brown expresses no reservation about reneging on his original agreement to perform legal services at a specified hourly rate and asserts that the results of this case were so successful he should receive the additional award.
The Supreme Court of the United States has admonished that, "[a] strong presumption that the lodestar figure  the product of reasonable hours times a reasonable rate  represents a `reasonable' fee. . . ." Pennsylvania v. Delaware Valley Citizens' Council, 106 S.Ct. at 3098. Sometimes an attorney's performance in a bankruptcy case warrants a performance bonus; however, no exemplary performance exists here. The surplus in this case is due substantially to Mr. Curtis' untimely death which created over $1,000,000.00 cash in life insurance proceeds which were used to pay creditors.
To demand an additional fee of $90,000.00 in this case is an example of overreaching by an attorney and is clearly unwarranted. It is unsettling to observe members of the bar dealing with a client in such an unprofessional fashion. An attorney's word should be his bond. The facts in this case represent the classic nightmare for a child of a deceased person. Mr. Curtis' daughter finds herself in the clutches of an attorney who clearly places his financial interest above the interests of the estate of his deceased client. Carla Curtis was required to procure the services of separate counsel to protect her interests in her deceased father's estate from the very attorney her father employed to represent him in his legal difficulties.
A different situation exists where a client agrees that an attorney's performance is so uniquely successful that a bonus is warranted. Here, Carla Curtis strenuously objects to the request because it is a breach of Mr. Brown's agreement with her father regarding fees. The $90,000.00 request for a performance bonus is denied.

CONCLUSION
Counsel is awarded a final attorney fee and expense reimbursement as follows:[1]

Statement Dated October 31, 1984: $ 2,220.00
Statement Dated February 28, 1985: 7,195.96
Statement Dated November 13, 1985: 33,583.18
Statement Dated February 19, 1986: 5,681.34
 __________
 Total $48,680.48

Counsel has submitted to the Court information indicating the receipt of fees and *719 expenses totaling $54,427.64. Counsel shall reimburse the estate the excess fees in the sum of $5,747.16 within thirty days from the date of this memorandum opinion and judgment of this same date. A separate judgment will be issued pursuant to Bankruptcy Rule of Procedure 7052.
IT IS SO ORDERED.

JUDGMENT
Based upon the findings of fact and conclusions of law contained in a memorandum opinion of this same date, it is
ORDERED that R.J. Brown, P.A., is awarded a final attorney fee and expense reimbursement as follows:

Statement Dated October 31, 1984: $ 2,220.00
Statement Dated February 28, 1985: 7,195.96
Statement Dated November 13, 1985: 33,583.18
Statement Dated February 19, 1986: 5,681.34
 __________
 Total $48,680.48

Counsel has submitted to the Court information indicating the receipt of fees and expenses totaling $54,427.64. Counsel shall reimburse the estate the excess fees in the sum of $5,747.16 within thirty days from the date of this judgment.
IT IS SO ORDERED.
NOTES
[1] These calculations were determined by totaling the itemization for each statement submitted by Mr. Brown and subtracting the disallowed charges.