In the Matter of Charles O. BUGG, et al., Debtors.

**FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellant,**

v.

**Charles BUGG and Elizabeth Bugg, Appellees.**

Civ. A. No. 94–CV–4401.
Bankruptcy No. 93–12926–S.

United States District Court,
E.D. Pennsylvania.

Sept. 28, 1994.

---

Malcolm H. Waldron, Jr., John M. Larason, Waldron–Goldstein, P.C., Philadelphia, PA, for Charles O. Bugg and Elizabeth A. Bugg.

Joan P. Brodsky, Leslie E. Puida, Federman and Phelan, Vincent J. Marriott, III, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, Luis F. Chaves, McLean, VA, for Federal Home Loan Mortg. Corp.

Albert A. Ciardi, Jr., Ciardi, Fishbone & DiDonato, Philadelphia, PA, for Comm. of Unsecured Creditors.

Frederic J. Baker, Philadelphia, PA, Asst. U.S. Trustee.

### MEMORANDUM of DECISION

McGLYNN, District Judge.

Before the court is the appeal of Federal Home Loan Mortgage Corporation ("Freddie Mac") from the June 15, 1994 order of the United States Bankruptcy Court for the Eastern District of Pennsylvania confirming the, Debtors, Chapter 11 plan of reorganization. Freddie Mac contends: (1) the plan incorrectly classified Freddie Mac's claim under 11 U.S.C. § 1122; (2) the plan incorrectly calculated the present value of its claim by using an adjustable interest rate in violation of 11 U.S.C. § 1129(b)(2)(A)(i)(II); and (3) the plan was incorrectly confirmed because it violates § 1129(a)(11) requiring debtors to provide sufficient evidence of their ability to increase their payments to secured creditors. For the reasons stated below, the order will be reversed.

On May 14, 1993, Debtors filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101 *et seq.* On November 1, 1993, Debtors filed a proposed disclosure statement and plan of reorganization. On January 5, 1994, an amended proposed disclosure statement and plan of reorganization was filed by the Debtors. On January 12, 1994, Debtors revised plan was approved by the bankruptcy court thus permitting the Debtors to solicit creditors for their support of the plan and to provide creditors with ballots to accept or reject the plan. On January 20, 1994, Freddie Mac filed written objections to Debtors' plan.

On June 15, 1994 the bankruptcy court held a confirmation hearing to consider the Debtors' plan. At the hearing Freddie Mac objected to being included in a class of all first lien creditors and to the Debtors' use of an adjustable interest rate in determining the future payments to creditors. Notwithstanding Freddie Mac's objections, the bankruptcy court confirmed the Debtors' plan on June 15, 1994.

Freddie Mac's claim arises out of a first mortgage loan secured by a single family residential property owned by Debtors. This property was one of approximately thirty residential units which the Debtors bought for investment purposes and rented to individuals.

Debtors' plan proposed seven classes of creditors. Class One consisted of first mortgage holders on all properties owned by Debtors. Under the confirmed plan, each secured creditor in Class One would receive identical treatment. Class One creditors, including Freddie Mac, would be paid interest on their allowed secured claims at an adjustable rate that would be modified annually.

Freddie Mac argues Debtors' classification of its secured claim in the same class as all other first lien creditors violates 11 U.S.C. § 1122 and § 1129(a). Section 1129(a)(1) allows the bankruptcy court to confirm a plan if the plan complies with the applicable provisions of Chapter 11. 11 U.S.C. § 1129(a)(1). Section 1122(a) allows only substantially related claims or interests to be place in the same class. 11 U.S.C.

§ 1122(a). Freddie Mac argues that since its claim was on a different piece of property it is substantially different from the other first secured lien claims and therefore was incorrectly classified. Debtors argue that Freddie Mac's claim is correctly classified because it is substantially related to the other claims in Class One. Debtors argue that all first lien creditors are substantially similar because their claims have the same legal characteristics. I am persuaded that Freddie Mac's claim was improperly classified under § 1122(a).

Section 1122(a) codifies current case law and thus the term "substantially similar" must be construed accordingly. *In re Richard Buick, Inc.* held that "secured creditors may not be classified together when they have liens in different property ... since their respective legal rights are not substantially similar." *In re Richard Buick*, 126 B.R. 840, 853 (Bankr.E.D.Pa.1991). *In re Commercial Western Finance Corp.* also held that secured claims secured against different properties are each entitled to separate classification. *In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1338 (9th Cir. 1985); *See In re Holthoff*, 58 B.R. 216 (Bankr.E.D.Ark.1985); *See also, FGH Realty Credit Corp. v. Newark Airport/Hotel Ltd. Partnership,* 155 B.R. 93 (Bankr.D.N.J.1993).

The fact that plan proponents may have some leeway in classifying claims, is not controlling in this case, because Courts have consistently held as a matter of law that secured creditors on different pieces of property are not similar. *In re Monroe Well Serv., Inc.,* 80 B.R. 324 (Bankr.E.D.Pa.1987).

■ However, the issue of whether claims have been properly classified is not the end of the analysis. Assuming the plan properly classified Freddie Mac's claim in a separate class, and Freddie Mac rejected the plan, the only way for the court to confirm the plan would be through a "cram down" under § 1129(b). 11 U.S.C. § 1129(a) and (b). In order to determine if a "cram down" is appropriate the court must review the plan to assure it is "fair and equitable" as defined under § 1129(b)(2). 11 U.S.C. § 1129(b)(2).

Freddie Mac argues that the plan is not "fair and equitable" because the plan does not provide for "cash payments totaling at least the allowed amount of such claim, as of the effective date of the plan...." 11 U.S.C. § 1129(b)(2). Specifically, Freddie Mac argues that as a matter of law, the plan is not confirmable because a variable interest rate was used to determine its claim as of the effective date of the plan. It is Freddie Mac's contention that a fixed interest rate must be used to determine its claim as of the effective date of the plan. The Debtors do not challenge Freddie Mac's argument that a fixed rate must be used to determine the present value of a claim under a "cram down", but argue that the plan was not confirmed under a "cram down". The court agrees with Freddie Mac's position as a matter of law.

■ Under a Chapter 11 reorganization plan all claims are divided into classes. A confirmation hearing is held to determine if each class has accepted or rejected the plan. 11 U.S.C. § 1129(a)(8). If a class rejects the plan, it can still be confirmed, if at least one class of non-insider claims that is impaired under the plan has accepted the plan and the plan complies with the requirements of § 1129(a). 11 U.S.C. § 1129(a) and (b). A plan that is confirmed despite the rejection by a class is called a "cram down". *John Hancock Mut. Life Ins. Co. v. Route 37 Business Park Assocs.,* 987 F.2d 154, 157 (3rd Cir.1993).[1]

■ In order for a Debtor to prevail in a "cram down", the debtor must establish by clear and convincing evidence that the treatment of each class of nonaccepting impaired creditors under the plan is "fair and equitable" as defined under § 1129(b)(1) and (2)(A).

1. Freddie Mac is not claiming the bankruptcy court confirmed the plan under a "cram down". However, Freddie Mac, assuming its claim was correctly classified, is arguing that a "cram down" is not possible because the "fair and equitable" test under § 1129(b) is not met.

*In re Birdneck Apartment Assocs., II, L.P.,* 156 B.R. 499, 507 (Bankr.E.D.Va.1993). The "fair and equitable" standard requires that a secured claim holder retain its lien and receive deferred cash payments totalling at least the allowed amount of the claimant's secured claim and a present value equal to the value of its collateral. *In re Bryson Properties, XVIII,* 961 F.2d 496, 500 (4th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992). Value "as of the effective date of the plan" means that the promised payment under the plan must be discounted to present value as of the effective date of the plan. *Matter of Southern States Motor Inns, Inc.,* 709 F.2d 647, 650 (11th Cir.1983), *cert. denied,* 465 U.S. 1022, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984). Present value is calculated by applying an interest rate to the unpaid balance of the amount due under the claim. If the parties cannot agree on an interest rate, the court must determine the appropriate market rate to ensure that the payments under the plan have a value equal to the present value of the allowed claim. 5 Collier on Bankruptcy, p. 1129.03 at 1129–62.

■ Courts have consistently required a fixed interest rate to be used under the "cram down" provisions of § 1129(b).[2] *In re Caudill,* 82 B.R. 969, 977 (Bankr.S.D.Ind. 1988); *see In re Claeys,* 81 B.R. 985 (Bankr. D.N.D.1987) (court knew of no published opinion in which a court approved a variable discount rate). For example, the court in *U.S. v. Neal Pharmacal Co.,* rejected the bankruptcy court's use of an adjustable interest rate in determining the present value of a claim. *U.S. v. Neal Pharmacal Co.,* 789 F.2d 1283 (8th Cir.1986). In addition, the court said the use of a fixed interest rate is evident by the requirement that present value be determined "as of the effective date of the plan". *Id.* at 1286. The court held that an adjustable rate would not provide a creditor with the present value of its claim. *Id.* at 1285; *In re E.I. Parks No. 1 Ltd. Partner-*

**2.** An adjustable interest rate may be used if the debtors and creditors agree. *In re Caudill,* 82

*ship,* 122 B.R. 549 (Bankr.W.D.Ark.1990) (citing 789 F.2d 1283); *In re Paddock,* 81 B.R. 51 (Bankr.D.Mont.1987).

As supported by the cases noted above, in order to have a "cram down" the "fair and equitable" requirement under § 1129(b)(2) must be satisfied. The "fair and equitable" requirement is not satisfied under this plan because a fixed interest rate is not used to determine the present value of Freddie Mac's claim. Since as a matter of law, the Debtors' plan does not meet the "fair and equitable test", the ruling of the bankruptcy court confirming the plan must be reversed.

■ Freddie Mac's third argument is that the plan violated the feasibility requirement of 11 U.S.C. § 1129(a)(11) because the Debtors failed to adduce any evidence of its ability to increase its payments to secured creditors if the interest rate increases.

Section 1129(a)(11) provides that the bankruptcy court shall confirm a plan only if

> [c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor....

11 U.S.C. § 1129(a)(11).

Debtors established feasibility under § 1129(a)(11) by showing that their plan offered a reasonable prospect of success and that their plan was workable. *In re Rivers End Apartments, Ltd.,* 167 B.R. 470, 475 (Bankr.S.D.Ohio 1994). Debtors provided the bankruptcy court with three year financial projections prepared by their accountant directly addressing the issues of cash flow and profit as well as various other financial reports. Because these reports sufficiently support Debtors ability to increase their payments to secured creditors, the bankruptcy court's finding is not clearly erroneous and therefore will not be set aside on this issue. *In re Sharon Steel Corp.,* 871 F.2d 1217, 1222 (3rd Cir.1989).

B.R. 969, 977 (Bankr.S.D.Ind.1988).

## CONCLUSION

The bankruptcy court's classification of Freddie Mac's claim was incorrect as a matter of law. But even assuming the plan had correctly classified Freddie Mac's claim, the possibility of a "cram down" under the terms of the plan was impossible as a matter of law. The order of the bankruptcy court confirming the modified plan is reversed and remanded for further proceedings.