**In re PERPETUAL CORPORATION, (EIN 62–1289917), Debtor.**

**Bankruptcy No. 388–08125.**

United States Bankruptcy Court, M.D. Tennessee, at Nashville.

Jan. 8, 1990.

**28**

Joseph E. Rusnak, Nashville, Tenn., for debtor.

Nora J. McCormick, Director, Consumer Protection Div., State of Ky., Frankfort, Ky.

John C. McLemore, Interim Chapter 7 Trustee, Nashville, Tenn.

MEMORANDUM OPINION AND ORDER ON DEBTOR'S MOTION TO DETERMINE STATUS OF CLAIM OF KENTUCKY CONSUMER PROTECTION DIVISION AND ON COMMONWEALTH OF KENTUCKY'S MOTION FOR ENLARGEMENT OF TIME TO FILE PROOF OF CLAIM

WILLIAM H. BROWN, Bankruptcy Judge.

This core proceeding [1] was heard on December 4, 1989, on the Debtor's Motion to Determine Status and Amount of Claim of Kentucky Consumer Protection Division and on the Commonwealth of Kentucky's Motion and Affidavit for Enlargement of Time to File Proof of Claim and Motion to Order Tendered Proof of Claim Filed. From the pleadings, affidavit, witnesses, statements of counsel, and the entire case record the Court makes the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

This case began as a voluntary Chapter 11 filed December 8, 1988, and the § 341 meeting of creditors was held January 11, 1989. Subsequently, the case was converted to a Chapter 7 on July 10, 1989, a trustee was appointed and a Chapter 7, § 341 meeting of creditors was held on August 7, 1989.

The docket sheet reflects that on August 7, 1989, the Commonwealth of Kentucky filed a request that its Consumer Protection Division be placed on the mailing matrix.

The Chapter 7 notice to creditors set November 6, 1989, as a bar date to file a proof of claim.[2] The Commonwealth of Kentucky filed a late proof of claim on November 20, 1989, accompanied by its motion to enlarge the filing time and accept the "tendered" late filing. The Commonwealth's motion was verified, which affidavit complied with the proof offered at the December 4 hearing.

The undisputed facts include:

1. The debtor's Chapter 11 schedules, which were adopted in the Chapter 7 case,[3] listed a debt to the Kentucky Consumer Protection Division of $7,164.74.

2. The Commonwealth's late proof of claim states that the claim, "yet uncertain," is at least $406,146.39.

3. In June, 1989, substantially all of the debtor's assets were transferred, pursuant to Court order, to EVJ, Inc. The debtor asserts that all relevant records were transferred also; however, the Commonwealth has been unable to obtain all records necessary for an audit.

4. The Commonwealth's Consumer Protection Division received actual notice of

---

1. 28 U.S.C. § 157(b)(2)(B).

2. Bankruptcy Rule 3002(c).

3. *See,* Order July 10, 1989.

the bankruptcy filing, its representative attended the Chapter 11, § 341 meeting, and it requested a copy of all pleadings from debtor's counsel.

5. After receiving actual notice of the conversion, the Division's representative attended the Chapter 7, § 341 meeting and requested of the case trustee to be placed on the matrix.

6. The Commonwealth never received all information it requested of the debtor or debtor's counsel.

7. The Commonwealth failed to file its proof of claim within 90 days of the Chapter 7, § 341 meeting of creditors as required by Bankruptcy Rule 3002(c).

### CONCLUSIONS OF LAW

The Commonwealth asserts that it never received "official" notice from the Court of actions being taken in the bankruptcy case, and it states that should have prevented the claims' bar date from running. However, the facts are that the Commonwealth had actual knowledge of the bankruptcy and of its conversion to Chapter 7, as evidenced by its attendance at both § 341 meetings. Actual knowledge leads to notice that a proof of claim should be timely filed. *In re Pioneer Investment Services, Inc.*, 106 B.R. 510, 516 (Bankr.E.D.Tenn.1989). And, when a Chapter 11 is converted to a Chapter 7 case, a new bar date for filing proofs of claim is triggered, a bar date to which even governmental entities must comply. *See* Bankruptcy Rule 3002.

The Commonwealth places blame on the debtor for its failure to make records available for examination and audit, and apparently the Commonwealth relied upon assurances of the debtor and debtor's counsel that records were available. Without excusing either the debtor or debtor's counsel, the Court notes that the Commonwealth never sought the assistance of this Court under the Bankruptcy Rules for discovery of records. Rule 2004 examination or production was not requested, nor was Rule 9014 (which incorporates discovery under Part VII rules) employed. In short, the Commonwealth ignored procedural options available to it to obtain information it needed. Instead, the Commonwealth engaged in state civil efforts to obtain the records, apparently without seeking relief from the automatic stay of § 362(a).

The Commonwealth asserts that it wished to "obviate the necessity of filing a vague or incomplete proof of claim, by first reviewing the business records of the Debtor," but the Commonwealth could have moved for more time to file its claim, provided it so moved before the expiration of the original Chapter 7 ninety day bar period. Bankruptcy Rule 3002(c)(1). Also, it is common for a creditor, having filed a timely proof of claim, to then amend its original claim. *See, e.g., In re White Motor Corp.*, 59 B.R. 286, 288 (Bankr.N.D.Ohio 1986). The Commonwealth ignored this option.

The Court is aware of authority that if the record in a case reflects the acknowledgement by the debtor of a claim, then the Court may recognize an informal proof of claim and thereafter permit its amendment. *See, e.g., In re National Entertainment Centers*, 103 B.R. 879 (Bankr.N.D.Ohio 1989); *In re Pizza of Hawaii*, 40 B.R. 1014 (D.Hawaii 1984).

Here, the Chapter 11 debtor acknowledged a debt of $7,164.74, and if this had remained a Chapter 11 case, the Court would bind the debtor to that claim, subject to amendment in amount. But, this is because in a Chapter 11 a proof of claim is not required for scheduled debts, "unless they are scheduled as disputed, contingent, or unliquidated." Bankruptcy Rule 3003(b)(1); *see also*, 11 U.S.C. § 1111(a). Rule 1019(4) only obviates the need for filing claims in a case converted from Chapter 11 to Chapter 7 when the claims were "actually filed by a creditor in the superseded case."

The Commonwealth relies also upon equity, arguing that the debtor's failure to provide records "almost amounts to fraud." The Court does not condone any failure on the debtor's part; however, equity does not favor the Commonwealth which admitted in its pleadings that its counsel was unfamiliar with bankruptcy practice. The

**30**

Court is sympathetic but cannot find excusable neglect that would override the clear time bars imposed by Bankruptcy Rule 3002. *See, e.g., In re Pioneer Investment Services Co.,* 106 B.R. 510 (Bankr.E.D. Tenn.1989). More specifically, Bankruptcy Rule 9006(b)(3) limits this Court to enlargement of time to file proofs of claim only for those causes enumerated in Rule 3002(c). None of those causes exist in this case. In light of the actual notice of the bankruptcy conversion and the creditor's attendance at the Chapter 7, § 341 meeting of creditors, the Bankruptcy Rules and Code mandate that this Court disallow the Commonwealth's claim under § 502.

The Court therefore concludes and IT IS THEREFORE ORDERED:

1. The Commonwealth of Kentucky's Consumer Protection Division's motion to enlarge the time to file its proof of claim is DENIED, the said motion being untimely under Bankruptcy Rule 3002(c)(1).

2. The Commonwealth's motion to accept its proof of claim tendered on November 10, 1989, is DENIED to the extent that the Court is unable to make the late filing a timely one under Bankruptcy Rule 3002(c).

3. The debtor's motion, which was joined in by the Chapter 7 Trustee at hearing, to determine the status and amount of the Commonwealth's claim is GRANTED and the Kentucky Consumer Protection Division's claim is disallowed as being late.[4]

---

**4.** The Court notes that the trustee has announced on December 4, 1989, that there are limited assets available for recovery, which would be insufficient to satisfy administrative and timely filed claims. If events develop so as to leave excess funds, this late claim may be reconsidered under § 502(j).