**In re CLC CORPORATION, Debtor.**

**Robert H. WOOD, Jr., John R. Munro
and Cumberland County
Bank, Plaintiffs,**

v.

**CLC CORPORATION, Citizens Bank, R.
Gene Cravens, Sr., Carolyn Cravens
and Lawrence Pollack, Defendants.**

**R. Gene CRAVENS, Sr. and Carolyn
Cravens, Third Party Plaintiffs,**

v.

**Michael WELCH, Third Party
Defendant.**

Bankruptcy No. 285-00083.
Adv. No. 289-0056.

United States Bankruptcy Court,
M.D. Tennessee.

Feb. 2, 1990.

Robert H. Waldschmidt, Nashville, Tenn., for Robert H. Wood, John R. Munro and Cumberland County Bank.

John E. Acuff, Cookeville, Tenn., for Citizens Bank.

Thomas Looney, Crossville, Tenn., for R. Gene Cravens, Sr.

John Camp, Sparta, Tenn., for Carolyn Cravens.

Michael J. Mossman, Nashville, Tenn., for Larry Pollack.

L. Gino Marchetti, Jr., Nashville, Tenn., for CLC Corp.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

This is an adversary proceeding to quiet title to property sold pursuant to a confirmed Chapter 11 plan of liquidation. Carolyn and Dr. R. Gene Cravens, Sr. allege that the purchasers (Wood and Munro) have defective title because the Cravens did not receive a § 363 notice. Because Carolyn and Dr. Cravens failed or chose not to assert their interests before consummation of this sale notwithstanding actual knowledge of the sale, their rights have attached to the proceeds of the sale and not to the transferred property.

### I.

On May 15, 1984, Cumberland Thrift Corporation ("CTC") filed a Chapter 11 petition. On January 11, 1985, CTC's wholly-owned real estate subsidiary, CLC Corporation ("CLC") also filed Chapter 11. R. Gene Cravens, Jr., son of Dr. Cravens, owned two-thirds of the stock of CTC. At its petition, CLC held legal title to real property in Crossville, Tennessee. An office building on the Crossville property was leased by CLC to CTC.

On April 23, 1984 Citizens Bank granted a $350,000 line of credit to Cravens, Jr. The note was signed by Cravens, Jr., as primary obligor, and by Dr. Cravens, as guarantor. On May 14, 1984, one day before CTC's Chapter 11 petition and after $90,000 had been disbursed to Cravens, Jr., CLC executed a deed of trust on its Crossville property to Citizens Bank as security for the loan to Cravens, Jr. After receiving the deed of trust, Citizens Bank advanced approximately $145,000 to Cravens, Jr. After CTC filed its Chapter 11 petition, Citizens Bank demanded and received additional collateral for the line of credit to Cravens, Jr. in the form of the pledge of a certificate of deposit owned by Carolyn Cravens, wife of Dr. Cravens.

Immediately after its petition, CLC commenced an adversary proceeding against Citizens Bank to set aside the deed of trust on the Crossville property as a fraudulent conveyance. Dr. Cravens intervened in that lawsuit. Eighteen months after CLC's petition, on June 3, 1986, Citizens Bank set off Carolyn Cravens' certificate of deposit, in partial satisfaction of Cravens Jr.'s note. On July 30, 1986, Carolyn Cravens paid the

balance of the loan. Neither Carolyn Cravens nor Dr. Cravens filed notice in the CLC reorganization that they had paid Citizens Bank pursuant to Bankruptcy Rule 3001(e)(2)[1] or any other provision of the Code or Rules until this litigation. Neither ever requested notices in the CLC case, notwithstanding that they were represented by counsel throughout.

On October 16, 1986 the United States District Court for the Middle District of Tennessee held that CLC's deed of trust to secure Citizens Bank's loan to Cravens, Jr. was not a fraudulent conveyance. *CLC Corp. v. Citizens Bank (In re CLC Corp.)*, No. 2–86–0035 (M.D.Tenn. Oct. 16, 1986) (unpublished). On November 19, 1987, the Sixth Circuit affirmed. *CLC Corp. v. Citizens Bank (In re CLC Corp.)*, 833 F.2d 1011 (6th Cir.1987) (unpublished).

In October of 1988—three years and nine months after the filing of CLC's bankruptcy; two years and three months after Carolyn Cravens paid Citizens Bank in full; two years after the District Court validated the deed of trust to Citizens Bank; and nearly one year after the affirming decision by the Sixth Circuit—Carolyn Cravens caused Citizens Bank to execute an assignment of the deed of trust. That assignment was recorded on October 26, 1988 at the Office of the Registrar of Deeds of Cumberland County, Tennessee. Inexplicably, Carolyn Cravens waited nearly another year, until July 14, 1989, to file with the Bankruptcy Court a notice of transfer of the claim of Citizens Bank.

Meanwhile, a joint plan of liquidation for CTC and CLC was confirmed on August 30, *1985*. The plan gave Citizens Bank a 20-year promissory note in the amount of its allowed secured claim with 10% interest if the fraudulent conveyance lawsuit was re-solved in the Bank's favor. Citizens Bank retained its lien on the Crossville property until the note was satisfied. The post-confirmation debtor reserved the right to liquidate the Crossville property, subject to notice consistent with § 363. The plan appointed Michael Welch as liquidating agent and Lawrence Pollack as disbursing agent. Notice of the joint plan of reorganization was served on all creditors and parties in interest in CLC and CTC. The joint plan was overwhelmingly approved by the general creditors. Cravens, Jr. filed voluminous objections to the joint plan and disclosure statement, but did not appeal the order of confirmation.

For more than two years after confirmation the Crossville property was unsuccessfully listed with realtors at $225,000. Mr. Welch contacted financial institutions seeking purchasers. Mr. Pollack showed the property, asking $150,000 to $175,000. The post-confirmation debtor was unable to get insurance because the building was unoccupied. In January 1988, an exclusive listing was given to Plateau Realty, Inc. at $125,000. Two months later, on March 14, 1988, Wood and Munro offered $115,000. A contract for sale was executed on March 17, 1988, subject to bankruptcy court approval. CLC acted prudently to sell the building.

On April 22, 1988, CLC noticed the proposed sale of the Crossville property. Larry Pollack verified the CLC mailing matrix at the Bankruptcy Court Clerk's Office. Notice of the proposed sale was sent to all creditors on CLC's matrix. Citizens Bank, the only party of record asserting an interest in the Crossville property, and CTC, CLC's largest creditor, received notice. No objections were received by the deadline in the notice. The sale was closed on August 3, 1988.[2]  Cumberland County Bank

---

**1.** Rule 3001(e)(2) provides:

If a claim other than one based on a bond or debenture has been unconditionally transferred after the proof of claim has been filed, evidence of the terms of the transfer shall be filed by the transferee. The clerk shall immediately notify the original claimant by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed with the clerk within 20 days of the mailing of the notice or within any additional time allowed by the court. If the court finds, after a hearing on notice, that the claim has been unconditionally transferred, it shall enter an order substituting the transferee for the original claimant, otherwise the court shall enter such order as may be appropriate.

**2.** The deed to Wood and Munro was signed by Larry Pollack, the disbursing agent, rather than by Michael Welch, the liquidating agent under the confirmed plan. A deed of correction was

("CCB"), the plaintiff in this action, financed the purchase for Wood and Munro. The title search performed for CCB showed only the mortgage to Citizens Bank. A deed of trust to CCB was recorded on August 10, 1988.

On August 14, 1988, four days after recording of the deed of trust to CCB, Dr. Cravens informed CCB that he claimed an interest in the Crossville property. On August 31, 1988, Dr. Cravens initiated foreclosure proceedings in state court. This adversary proceeding was commenced by CCB to validate the August 1988 conveyance to Wood and Munro.

## II.

■ Dr. and Carolyn Cravens claim that the sale is invalid because they did not receive written notice under § 363,[3] Rule 6004(a)[4] and Rule 2002(a).[5]

Dr. Cravens and Carolyn Cravens disabled themselves to receive formal written notice of the sale. They had the means and opportunity to assert their rights in the

later executed by Michael Welch. The Cravens filed a third-party complaint against Michael Welch arguing circuitously that the sale to Wood and Munro is invalid because of the wrong signature on the original deed. If there was a defect in the first deed, it was appropriately corrected. Basic principals of agency would protect title in Wood and Munro. A principal is bound by the act of an agent within his apparent authority, notwithstanding acts undertaken in excess of the agent's actual authority. *Tosco Corp. v. Federal Deposit Ins. Corp.*, 723 F.2d 1242 (6th Cir.1983); *O'Shea v. First Fed. Sav. & Loan Ass'n of Columbia*, 218 Tenn. 619, 405 S.W.2d 180 (1966). A contract will be enforced against the principal when the agent acted on behalf of the principal, the principal held the agent out as having authority and the person dealing with the agent had reason to believe in good faith that the agent possessed the necessary authority. *V.L. Nicholson Co. v. Transcon Inv. and Fin. Ltd., Inc.*, 595 S.W.2d 474 (Tenn.1980). The post-confirmation debtor clearly cloaked Larry Pollack with authority to convey title to the Crossville building. Larry Pollack was the president of CLC before confirmation and under the plan, the liquidating agent, the disbursing agent and the creditors committee were authorized to propose the use, sale, lease, abandonment or other disposition of property. Drs. Wood and Munro relied in good faith on Larry Pollack's apparent authority. The third-party complaint is distinctly without merit.

CLC reorganization, but for reasons never revealed in this record, they failed or refused to act. Neither Dr. Cravens nor Carolyn Cravens ever filed a proof of claim in the CLC bankruptcy. Neither ever filed a request for notices consistent with the local rules or Bankruptcy Rules. Carolyn Cravens paid Citizens Bank in mid–1986, but did not demand an assignment of the bank's security interest in CLC's property for two and one quarter years. Three months after recording of the sale to Wood and Munro, she demanded an assignment of Citizens Bank's deed of trust and then waited almost another year, until July of 1989, to file notice of transfer of Citizens Bank's claim consistent with Bankruptcy Rule 3001(e)(2).

At the petition, Citizens Bank was the lien holder entitled to notice of sale of CLC's Crossville property. Three and one-half years later, Citizens Bank was still the record party to whom notice was sent. Citizens Bank is identified and provided for in the confirmed plan of reorganization. Cra-

3. Ordinarily, § 363 would be inapplicable after confirmation. *See Matter of Wood,* 47 B.R. 774 (Bankr.W.D.Wis.1985). However, the confirmed plan calls for application of § 363 in the event of sale of CLC's property. Section 363(b)(1) provides:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

4. Rule 6004(a) provides:

> (a) *Notice of Proposed Use, Sale, or Lease of Property.* Notice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(1) and (i) and, if applicable, in accordance with § 363(b)(2) of the Code.

5. Rule 2002(a) provides:

> *Twenty–Day Notices to Parties in Interest.* Except as provided in subdivision (h), (i) and (k) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of ... (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shortens the time or directs another method of giving notice.

vens, Jr. focused on Citizens Bank in his objections to the joint plan and disclosure statement. CLC is not responsible under the Code or Bankruptcy Rules to determine whether a non-debtor has guaranteed or secured a non-debtor's obligation outside of bankruptcy. The Rules put this burden of notice on the party with knowledge and opportunity to protect itself—the guarantor or the surety. Citizens Bank's set off of Carolyn Cravens' certificate of deposit in June of 1986 and the assignment of the bank's deed of trust in October of 1988 were invisible to the debtor and other creditors of CLC. Dr. Cravens and Carolyn Cravens prevented themselves from receiving formal notice by failing to step into Citizens Bank's shoes two years before the sale of which they now complain. They cannot use the failure to receive formal notice to attack an otherwise authorized sale. *See American Living Sys. v. Bonapfel (In re All American of Ashburn, Inc.),* 56 B.R. 186 (Bankr.N.D.Ga.1986). *See also Magnoni v. Globe Inv. and Loan Co. (In re Globe Inv. and Loan Co., Inc.),* 867 F.2d 556 (9th Cir.1989).

Dr. Cravens and Carolyn Cravens are estopped to assert lack of formal notice as a ground for upsetting the sale to Wood and Munro because Dr. Cravens and Carolyn Cravens had actual knowledge of this sale. In his proposed findings of fact filed in this adversary proceeding in September of 1989, Dr. Cravens denied knowledge of the sale to Wood and Munro. At his deposition, Dr. Cravens testified that he did not become aware of the sale until after the deed was recorded—after August 14, 1988. Despite these denials, Carolyn Cravens testified at trial that Dr. Cravens learned of the sale from a patient in July of 1988, before the sale was consummated. This court believes that Dr. Cravens and Carolyn Cravens had actual knowledge of the sale in time to have filed an objection before closing of the sale. The office in which Dr. Cravens and Carolyn Cravens work is across the street from CLC's Crossville office building. Mr. Welch testified that there was a "For Sale" sign on the property for several months. Dr. Cravens is a sophisticated businessman. Dr.

Cravens professed familiarity with the real estate market in Crossville and admitted knowing that a liquidating plan had been confirmed for CLC, but asserted at trial that he did not know that the Crossville property across the street from his office was for sale. Inconsistencies throughout Dr. Cravens' testimony reflect lack of credibility.

Cumberland County Bank, Wood and Munro have relied upon bankruptcy court approval of the sale free and clear of liens. Dr. Cravens and Carolyn Cravens elected to be silent after actual knowledge of the impending sale notwithstanding the opportunity to interrupt the sale before prejudicial reliance by CCB, Wood and Munro. Formal written notice would have added nothing to the knowledge of the sale which Dr. Cravens and Carolyn Cravens admit having. *In re La Rowe,* 91 F.Supp. 52 (D.Minn.1950).

■ On appropriate facts, actual knowledge has been held to satisfy formal written notice when required under § 363 and other sections of the Code. A sale will not be invalidated for noncompliance with notice formalities if the objecting party had actual knowledge of the sale. *In re La Rowe,* 91 F.Supp. 52 (D.Minn.1950); *Northwestern Nat'l Bank of St. Paul v. Halux, Inc. (Matter of Halux, Inc.),* 665 F.2d 213 (8th Cir.1981); *In re Glinz,* 66 B.R. 88 (D.N.D.1986); *Pelican Homestead v. Wooten (In re Gabel),* 61 B.R. 661 (Bankr.W.D. La.1985). Dischargeability complaints filed after the bar date have been dismissed as untimely where the claimholder had actual knowledge of the bankruptcy case. *Yukon Self Storage Fund v. Green (In re Green),* 876 F.2d 854 (10th Cir.1989); *Lompa v. Price (In re Price),* 871 F.2d 97 (9th Cir. 1989); *Walker v. Wilde (In re Walker),* 103 B.R. 281 (D.Utah 1989); *Central Oil Field Supply Co. of Logan v. Cover (In re Cover),* 97 B.R. 375 (Bankr.S.D.Ohio 1989); *Moody v. Buchnum (In re Buchnum),* 105 B.R. 25 (Bankr. 9th Cir.1989). Many courts have disallowed claims filed after the bar date where the claimholder had actual knowledge of the meeting of creditors, but not formal written notice of the bar date.

*In re Pioneer Invest. Svces., Inc.,* 106 B.R. 510 (Bankr.E.D.Tenn.1989); *In re Perpetual Corp.,* 112 B.R. 27 (Bankr.M.D. Tenn.1990); *Siouxland Beef Processing Co. v. Knight (In re Siouxland Beef Processing Co.),* 55 B.R. 95, 13 BANKR.CT. DEC. (CRR) 942 (Bankr.N.D. Iowa 1985). *See In re Toth,* 61 B.R. 160, 14 BANKR. CT.DEC. (CRR) 508 (Bankr.N.D.Ill.1986) (claimholder with actual knowledge of debtor's amended Chapter 13 plan before confirmation order became final was bound by order notwithstanding violation of rule requiring 20 days' notice by mail); *Lawrence Tractor Co. v. Gregory (In re Gregory),* 705 F.2d 1118, 1123 (9th Cir.1983) ("When the holder of a large, unsecured claim ... receives any notice from the bankruptcy court that its debtor has initiated bankruptcy proceedings, it is under constructive or inquiry notice that its claim may be affected, and it ignores the proceedings to which the notice refers at its peril.")

Dr. Cravens' intervention in the fraudulent conveyance litigation between CLC and Citizens Bank does not invalidate the sale of the Crossville property to Wood and Munro. Carolyn Cravens has protected her succession to the lien rights of Citizens Bank through the intervention by Dr. Cravens in the adversary proceeding and the eventual assignment of Citizens Bank's lien to Carolyn Cravens. Dr. Cravens' participation in the fraudulent conveyance litigation does not establish that he was entitled to notice of the post-confirmation sale of the Crossville property. Citizens Bank, the mortgagee, was entitled to notice and did receive notice. The lien rights of Citizens Bank were protected by the confirmed plan and Carolyn Cravens has succeeded to those rights in the proceeds held by the liquidating agent. Neither Dr. Cravens nor Carolyn Cravens objected to confirmation of the plan and will not now be heard to complain of the post-confirmation sale pursuant to that plan.

■ Intervention as a defendant in the adversary proceeding did not shift the burden to CLC to determine the notice rights of Dr. Cravens or Carolyn Cravens. The Bankruptcy Rules assign that responsibility to Dr. Cravens and Carolyn Cravens as the guarantor and surety for the debt of Cravens, Jr. For obvious good reasons, a debtor in a Chapter 11 case is not responsible to determine the existence or extent of a non-debtor's guarantee or a non-debtor's suretyship for a non-debtor's obligation to a bank. Guarantors and other non-debtors who succeed to the rights of other creditors after the filing of a bankruptcy case must protect themselves by filing a proof of claim or filing notice of the transfer of a claim or by requesting notices in the bankruptcy case.

The sale to Wood and Munro is not invalidated because other creditors of CLC's parent corporation, CTC, may not have received notice of the sale of the Crossville property. Dr. Cravens and Carolyn Cravens would excuse their failure to protect themselves by claiming that the post-confirmation debtor used the wrong mailing matrix when it sent the notice of sale of the Crossville property. The post-confirmation debtor used the CLC mailing matrix and did not use CTC's matrix to notice the sale of the Crossville property. If this was error, the Cravens have failed to demonstrate harm. The Cravens did not present any evidence that they would have received notice had the debtor also used the CTC mailing matrix. Neither Dr. Cravens nor Carolyn Cravens is listed on the CTC matrix. Neither filed a proof of claim in the CTC bankruptcy case. While the Cravens do not dispute these facts, they claim that the sale to Wood and Munro is invalid because the creditors committee and other CTC claimholders would have received notice had the trustee used both matrices. The Cravens lack standing to raise this objection. The Cravens' argument is based on the rights of third parties—the creditors committee and claimholders in CTC—none of whom have been heard to complain of this sale. *See Singleton v. Wulff,* 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

An appropriate order will be entered.

## ORDER

For the reasons stated in the memorandum contemporaneously filed herewith, IT

IS ORDERED, ADJUDGED and DECREED that Robert H. Wood, Jr. and John R. Munro have title to the Crossville property free and clear of the claims of Carolyn Cravens or Dr. R. Gene Cravens, Sr. Carolyn Cravens' rights as transferee of the claim of Citizens Bank have attached to the proceeds of the sale. The third-party complaint against Michael Welch is dismissed.

IT IS SO ORDERED.