**In re H.E.R. MANUFACTURING, INC.**

**Bankruptcy No. 90–50355 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 8, 1992.

---

**4.** *Rogers* addressed an injunction action against ■ state prison officials.

Marc Honey, Prescott, Ark., for debtor.

Frederick Wetzel, Little Rock, Ark., for trustee.

Walter Dickinson, Little Rock, Ark., trustee.

Bill Waddell, Little Rock, Ark., for R.S. Martin, Jr.

## ORDER DENYING MOTION
## TO SET ASIDE ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Motion to Set Aside Order and Dismiss Case, filed on July 8, 1992. The debtor requests that the Order of June 25, 1992, entered on June 26, 1992, be set aside on the grounds that it received no notice of the proceedings resulting in the Order. The trustee filed a response to the motion on July 27, 1992. The secured creditor R.S. Martin, Jr., responded on July 20, 1992. Both responding parties object to the Court setting aside the Order of June 26, 1992.

This proceeding is governed by Rule 9025, Federal Rules of Bankruptcy Procedure, which incorporates Rule 60, Federal Rules of Civil Procedure which permits relief from orders or judgments upon a showing of any "reason justifying relief from the operation of the judgment. Fed.R.Civ. Proc. 60(b)(6).

The notice of the trustee's intent did not initiate a contested matter within the meaning of Rule 9014 such that service requirements of Rule 7004 were not invoked. Instead, the service of the notice is governed by Rules 2002 and 6007 which provide for notice to interested persons upon the proposed disposition of estate assets. The issue for the Court is whether the debtor was properly served notice of the trustee's intent to license the patent. If *proper service* was effected by the trustee, then the motion will be denied, whether or not the debtor actually *received* the notice. Proper service and actual receipt are not identical concepts.

The Involuntary Chapter 7 Petition in Bankruptcy was filed on September 21, 1990. The Order for Relief was entered on November 29, 1990. The attorney of record on the bankruptcy schedules is: Marc Honey, Honey & Honey, P.O. Box 636, Prescott, AR 71857.

On May 19, 1992, the Chapter 7 trustee filed with the Court a Notice of Trustee's Intent to License Patent. The notice indicated that the trustee intended to enter into an agreement with PFT, Inc. for the purpose of licensing a patent to a bendable permanent wave rod apparatus. A copy of the proposed agreement was appended to the notice. On that same date, the trustee filed an Affidavit of Mailing which certified that all creditors had been served with copies of the Notice and its exhibit. The mailing matrix of persons served with the Notice was appended to the Affidavit, which matrix included the following address:

Marc Honey

P.O. Box 636

Prescott, AR 71857–0636

Neither H.E.R. Manufacturing nor its agent was specially listed on the matrix. Both H.E.R. Manufacturing and its attorney, Marc Honey, assert that they never received the Notice of Trustee's Intent to License Patent. On this basis they request that the Order permitting the trustee to license the patent be set aside and the involuntary chapter 7 bankruptcy case be dismissed.

Charles L. Honey is the managing partner of Honey & Honey, a firm comprised of Charles Honey and his son, Marc Honey. Charles Honey testified[1] that he reviews every piece of mail that comes into their office located at P.O. Box 636, Prescott, Arkansas. If he is not in the office, the mail "waits for his return." Honey testified that he never received the Notice of the Trustee's Intent to License Patent, although the office received all other mail relating to this case. Based upon the de-

---

1. Marc Honey was on vacation during the approximate time the notice should have been received at the firm.

meanor and statements of the witness, the Court does not find Honey credible.[2] It is unlikely that he received all other mail directed to his firm, but did not receive this one item of mail. Further, the agent of the debtor had knowledge of the proposed license as evidenced by her conversation with the trustee. At or about the time the notice was mailed, the trustee and the agent had a conversation wherein the agent expressed knowledge of the specific terms of the license contract. *See In re CLC Corporation,* 110 B.R. 335 (Bankr. M.D.Tenn.1990) (sale of estate property will not be invalidated for noncompliance with notice formalities if objecting party had actual notice of sale.) The Court finds that the trustee in fact served the debtor with the Notice of Trustee's Intent to License Patent, by serving the debtor's attorney, Marc Honey, at his record address. In addition, the agent of the debtor had actual knowledge of the intent to license the patent.

ORDERED that the Motion to Set Aside Order and Dismiss Case, filed on July 8, 1992, by the debtor, is DENIED.

IT IS SO ORDERED.

---

**2.** This Court is not the first fact-finder to determine that Charles Honey is not credible. *See Honey v. United States,* 963 F.2d 1083, 1086 ns. 1, 2 (8th Cir.1992) (petition for cert. filed Sept. 9, 1992); *In re Jackson,* 60 B.R. 593 (Bankr. W.D.Ark.1986) (Fussell, J.); *c.f. In re Lavender,* 48 B.R. 393 (Bankr.W.D.Ark.1984) (Mixon, J.). The debtor's agent, while testifying, asserted that her attorney lied to her regarding other matters.